CASE No. 808.

### C., C. & A. RAILROAD CO. v. EARLE.

1. This court has no original jurisdiction to require from the appellant, who has removed to another state, security for the costs of his appeal.
2. Security for the costs of a case, including the costs of appeal, could be required by the Circuit Court only from an absent plaintiff, and not from one who is made a party defendant to an action of interpleader.  *Semble.*

Motion for security for costs of appeal.  The case is fully stated in the opinion of the court.  For a report of this case upon its hearing, see No. 852, and also see 12 *S. C.* 53.

*Mr. F. W. McMaster*, for motion.

*Mr. J. P. Carroll*, contra.

January 19th, 1880.   The opinion was delivered

PER CURIAM.  This is a motion on the part of Thompson Earle, one of the defendants, to require Owen Smith, survivor of Owen Smith & Co., his co-defendant, who has appealed from a decree in the case, to give security for the costs of appeal, should the said appeal be dismissed.   He bases his motion on his affidavit that "since the commencement of this action Owen Smith has removed from this state and is now residing in the town of Asheville, North Carolina ; that he owns no property in the state, and that it was not until within the last four months that deponent was informed that the said Owen Smith was no longer a resident of South Carolina."

The case is on the appeal docket of the Fifth Circuit, but it does not appear here what was the precise nature of the proceedings, except that it was an action in the nature of a bill of interpleader by the plaintiff, and the contest was between the defendants.   Nor does it appear when the decree appealed from was rendered, before or after the appellant left the state.

The motion is a novel one.   We know of no law or practice authorizing this court, upon an original motion, to require security for costs from a party appealing, whether he is at the time a resident or has left the state after the commencement of the action.   The appellant must conform to the law regulating appeals, and when he has done so he is entitled to have his appeal heard.   It is no part of that law that he should give security for the costs of appeal in case he leaves the state after the commencement of the action.   The code of procedure, Section 359, required security for costs as a condition of appeal, but that has been repealed (15 *Stat.* 501), showing that it is against the spirit of the law of the state to obstruct appeals, by requiring, in advance, security for the costs of appeal, as distinct from the general costs of the case.

An order requiring security for costs is administrative in its character and belongs exclusively to the court below.   In that court the rule of court, which gives the form, allows it only where the plaintiff resides beyond the limits of the state.   Here both the appellant and respondent are defendants.   Neither of them, as actors, originated the proceeding, but both were brought

into court by process at the instance of another party. When the plaintiff, who is the actor, is absent from the state, and the objection is made in proper time in the Circuit Court, security for costs, which will include appeal costs, may be allowed; but when an order is made below, and the motion is first made here only for costs on appeal, this court has no original jurisdiction of the subject.

The motion is refused.